### GULF, C. & S. F. R. Co. *v.* CHILDS.

*(Circuit Court of Appeals, Eighth Circuit.* February 8, 1892.)

In Error to the United States Court in the Indian Territory.

Action by Henry Childs against the Gulf, Colorado & Santa Fe Railroad Company to recover for the killing of a horse. Verdict and judgment for plaintiff. Defendant brings error. Reversed.

*E. D. Kenna, J. W. Terry,* and *C. L. Jackson,,* for plaintiff in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

CALDWELL, Circuit Judge. This action was commenced before a United States commissioner in the Indian Territory by Childs against the railway company to recover damages for a horse alleged to have been killed through the negligence of the company. There was a trial in the commissioner's court before a jury, and a verdict and judgment against the company for $100, from which judgment the company appealed to the United States court, where the case was tried *de novo* before a jury, and there was a verdict and judgment in that court in favor of the plaintiff for $87.50, and the company sued out this writ of error. The following are the errors assigned:

"*First.* The court erred in refusing to furnish counsel with a list of eighteen qualified and competent jurors, as required by defendant's attorneys, from which to make the peremptory challenges. *Second.* The court erred in permitting plaintiff, Childs, as a witness in his own behalf, to testify that he could see two or three hundred yards either way from where the horse in controversy was found dead. *Third.* The court erred in allowing the witness Loftus to testify that he could see two or three hundred yards either way from where the horse in controversy was found dead. *Fourth.* The court erred in allowing the witness Robinson to testify to the value of the horse. *Fifth.*

The court erred in declining to instruct the jury to return a verdict in favor of defendant, as was requested by defendant at the close of the testimony. *Sixth.* Said court erred in refusing to charge the jury in writing, and before the argument of counsel, as to the law in this case. *Seventh.* The court erred in charging the jury as follows: 'The engineer should be on the lookout for stock when running his train, and should use due care and vigilance in keeping such lookout.'"

The first assignment is well taken, and for that error the case must be reversed. The second, third, and fourth assignments are frivolous. As the case must go back for a new trial, we refrain from expressing any opinion on the question of the sufficiency of the evidence to support the verdict of the jury. It was not error for the court to refuse to put its charge in chief to the jury in writing. *Railway Co.* v. *Campbell,* 49 Fed. Rep. 354, (at the present term.) The court did not err in giving the instructions set out in the seventh assignment. *Railway Co.* v. *Washington,* 49 Fed. Rep. 347, (at the present term.) The judgment is reversed, and the cause remanded, with directions to grant a new trial.